

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER

Appellate case name:        Matthew Brock v. The State of Texas

Appellate case numbers:    01-18-00770-CR & 01-18-00776-CR

Trial court case numbers:   1506283 & 1506284

Trial court:                        338th District Court of Harris County

Appellant's court-appointed counsel filed a motion to withdraw as counsel with a brief concluding that the above-referenced related appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). However, counsel has not filed a copy of the letter he wrote, or otherwise certified that he has written a letter, in accordance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), "to (1) notify his client of the motion to withdraw and the accompanying *Anders* brief, providing him with a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, [] (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous," and (4) "notify his client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals," which letter includes "a form motion . . ., lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in order to effectuate his right to review the appellate record *pro se*, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." 436 S.W.3d at 319–20.

Accordingly, we **order** appellant's appointed counsel, Nicholas Mensch, to send a letter to the appellant in accordance with *Kelly*. 436 S.W.3d at 319–20. We further **order** appellant's appointed counsel to notify the Clerk of this Court in writing "that he has (1) informed the appellant of the motion to withdraw and attendant *Anders* brief, (2) provided the appellant with the requisite copies while notifying him of his various *pro se* rights, and (3) supplied him with a form motion for *pro se* access to the appellate record." *Id.* at 320.

Because appellant's counsel's motion to withdraw indicates that he has forwarded a copy of the appellate records to appellant and the Clerk of this Court sent appellant a form motion for pro se access on November 12, 2018, counsel does not need to send the form motion to his client. But appellant's counsel should notify his client as provided above of his *Kelly* notice requirements and appellant's December 12, 2018 deadline to file a pro se *Anders* response in each appeal.

Counsel shall send the required *Kelly* letter to his client and shall file the required notices in each appeal with the Clerk of this Court **within 10 days of the date of this order**.

It is so ORDERED.

Judge's signature: ___/s/ Laura C. Higley_____

                x  Acting individually     ☐  Acting for the Court

Date: __November 20, 2018___

2